**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 29 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT L. PARKER, Ph.D., an individual, | No. 23-55771 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-00661-LL-JLB |
| v. | MEMORANDUM[*] |
| VINCE DEQUITO, an individual; JONATHAN BECERRA, an individual; CARRIE HOGAN, an individual; DOES, 1-50, individuals, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Linda Lopez, District Judge, Presiding

Submitted May 26, 2026[**]

Before:    S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

Robert L. Parker appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging Fourth Amendment violations for unlawful detention and arrest. We have jurisdiction under 28 U.S.C. § 1291. We review de

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo a district court's summary judgment and qualified immunity determination. *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013). We affirm.

The district court properly granted summary judgment on Parker's claim for unlawful detention because Parker failed to raise a genuine dispute of material fact as to whether defendants lacked reasonable suspicion to detain Parker or whether the detention was unduly prolonged. *See Liberal v. Estrada*, 632 F.3d 1064, 1077 (9th Cir. 2011) (reasonable suspicion requires that an officer have "specific, articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity" (citation and internal quotation marks omitted)); *see also United States v. Sharpe*, 470 U.S. 675, 685-86 (1985) (there is "no rigid time limitation" on stops, and the relevant inquiry is "whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly").

The district court properly determined that defendants were entitled to qualified immunity on Parker's claim for unlawful arrest because it is not clearly established that arresting a person for failing to provide an identification violates the Constitution. *See Plumhoff v. Rickard*, 572 U.S. 765, 778-79 (2014) (defendants sued under § 1983 are entitled to qualified immunity unless they violated a right that was clearly established, meaning that "the right's contours were sufficiently definite that any reasonable official in the defendant's shoes

23-55771

would have understood that he was violating it"); *Vanegas v. City of Pasadena*, 46 F.4th 1159, 1166 (9th Cir. 2022) (holding that, even if plaintiff's failure to identify himself did not provide probable cause to arrest under California Penal Code § 148(a)(1), the police officer was entitled to qualified immunity because "[n]either this court nor the Supreme Court has said that arresting a person for failing to provide an identification violates the Constitution").

**AFFIRMED.**

23-55771